# Ryalls et al. v. Moody et al.

## *Action for Breach of Contract.*

1. *Waiver of conditions in a contract* —Where a contract of sale stipulates that the purchasers are to deliver to the vendors a draft with the unconditional acceptance of the drawee, and the vendors receive a draft, with an acceptance which was not absolute, but conditional, and retain possession thereof for an unreasonable length of time, without making known their repudiation thereof or any objection thereto, they will be presumed to have waived the conditional character of the acceptance, and to have received said draft as a full compliance with the conditions of the contract of sale.

2. *Same; admissibility of draft in evidence.*—Where an action is brought against vendors for a breach of their contract of sale, a conditional draft which was delivered to defendants and kept by them an unreasonable time, without making known their repudiation there-

of or objection thereto, is admissible in evidence, although the contract of sale required the plaintiffs, who were the purchasers, to deliver a draft with an unconditional acceptance; the retention of the draft delivered for an unreasonable time raising the presumption of a waiver of the irregularity, and the burden being upon the vendor defendants to overcome such presumption.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. M. CARMICHAEL.

This action was commenced on September 12, 1891, and was brought by Ryalls & McCrae against Moody & Sapp, to recover damages for the breach of a contract. The contract sued on was introduced in evidence by the plaintiffs, and was in words and figures as follows: "Received of Ryalls & McCrae one draft to the amount of seven thousand dollars ($7,000) for entire interest in the turpentine business at Ashford, Ala., known as the Moody & Sapp business, and we agree to turn over the entire interest in the business within a reasonable length of time to get what scrape and dip we already have in the woods out, providing the above draft is accepted within a few days. We include in the above agreement lands with improvements, horses and mules, wagons, harness &c., leases of timber, commissary goods and every thing owned by Moody & Sapp in the turpentine business at Ashford, Ala., according to the present invoice of the business. This October 9th, 1890. [signed] Moody & Sapp."

The draft, which was given by the said Ryalls & McCrae, in accordance with the agreement of said contract, was drawn upon J. P. Williams & Co. It was shown by the testimony of one of the members of J. P. Williams & Co., that Moody & Sapp wrote to said firm on October 9, and enclosed in their letter the said draft, which was drawn by Ryalls & McCrae for $7,000 in favor of Moody & Sapp upon J. P. Williams & Co.; that on October 10, the said firm of Williams & Co. returned the draft to Moody & Sapp, after they had accepted it by writing on the face thereof the following words: "Accepted, payable when possession is given Ryalls & McCrae, and making papers between all parties given. J. P. Williams & Co." This witness further testified that the said draft was enclosed in a registered letter, addressed to Moody & Sapp, and that the same was received by Moody & Sapp, as was shown by the re-

ceipt for the registered letter, which was attached to his deposition.

During the trial of the case plaintiffs called upon the defendants to produce the draft which had deen delivered to them, and after the same was produced the plaintiffs offered to read it to the jury as evidence. The draft was in the following language: "$7000.00. Ashford, Ala., Oct. 9th, 1890. At sight pay to the order of Moody & Sapp, seven thousand dollars, value received and charge the amount to Ryalls & McCrae." "To J. P. Williams & Company, Savannah, Ga." There was written across the face of this draft the words which are above copied; and it was proved that this was the identical draft given by the plaintiffs to the defendants. The defendants objected to the introduction of said draft in evidence, the court sustained their objection, and refused to allow the plaintiff to read the draft to the jury as evidence, and to this ruling the plaintiffs excepted, and "took a nonsuit, with leave to set aside in the Supreme Court." On this appeal, prosecuted by the plaintiffs, the court's ruling upon the evidence is assigned as error.

R. H. WALKER and W. D. ROBERTS, for appellants,

J. W. FOSTER and G. L. COMER, *contra.*

HEAD, J.—The court erred in refusing to admit in evidence the draft of appellants on, and accepted by, J. P. Williams & Co. That the draft was such as the parties contracted should be given is conclusively shown by the fact that the appellees received it and presented it to Williams & Co. for acceptance. By the terms of the contract, appellees were entitled, in order to bind them to the trade, to have the unconditional acceptance of the draft by Williams & Co., within a few days. It was accepted within time, but the acceptance was not absolute, but conditional or qualified. This authorized appellees to reject it, if they had seen proper to do so. But so far as appears, they did not reject it. On the contrary, they received the draft, with the acceptance thereon, in due season, and retained it in their possession until the trial of this cause, when they produced it in court, on demand. It was competent for them to waive the conditional character of the acceptance, and this they did by retain-

ing the draft in their possession an unreasonable length of time, unless, in some other efficacious way, they duly made known their repudiation of it, on account of the irregularity. The record discloses nothing of the kind on their part. Their retention of the draft until the trial raises the presumption of waiver of the irregularity which it is upon them to overcome.

Reversed, non-suit set aside, and cause remanded.